### UNITED STATES v. VETRANO.
### No. 536.

District Court, D. New Jersey.

Nov. 20, 1942.

Charles M. Phillips and Richard J. Hughes, both of Trenton, N. J., for the Government.

George R. Sommer, of Newark, N. J., for defendant.

MEANEY, District Judge.

The defendant in this case was indicted by the Grand Jury on a charge of having made a false statement in his application for citizenship which he filed on March 22, 1938, and thereby unlawfully procuring naturalization on June 24, 1938. The indictment charged this offense under Title 8, U.S.Code, Section 414, 8 U.S.C.A. § 414. This indictment was returned on November 28, 1941.

When the U. S. Attorney moved the trial of this indictment, counsel for the defendant moved to quash the indictment on the ground that the statute of limitations had run previous to the finding and return of the indictment, and that therefore the indictment was without validity.

Title 8, Section 415 of the U.S.Code, 8 U.S.C.A. § 415, provides as follows: "Limitation of prosecutions for crimes. No person shall be prosecuted, tried, or punished for any crime arising under the provisions of Sections 356 [etc.], and 407 to 415 of this title, unless the indictment is found or the information is filed within five years next after the commission of such crime." Title 8, U.S.Code, § 415, 8 U.S.C.A. § 415.

It will be noted that this section of the Code, in effect at the time of the alleged commission of the offense, specifically established a 5 year limitation period during which indictment could properly be found.

Subsequently, in October, 1940, Congress passed an Act, entitled the Nationality Act of 1940, Title 8, Section 907, U.S.C.A. which was to take effect 90 days after October 14, 1940, and which superseded the law theretofore in effect regarding naturalization. Section 747 of the Nationality Act contains a saving clause which reads in subparagraph (a) as follows:

"Nothing contained in either subchapter III or in subchapter V of this chap-

ter, unless otherwise provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization or of citizenship, or other document or proceeding which shall be valid at the time this chapter shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any act, thing, or matter, civil or criminal, done or existing, at the time this chapter shall take effect; but as to all such prosecutions, suits, actions, proceedings, acts, things, or matters, the statutes or parts of statutes repealed by this chapter, are hereby continued in force and effect."

Title 8 U.S.C.A. § 904, provides that: "All Acts or parts of Acts in conflict with the provisions of this chapter, except for the purposes of section 746 of this title, are hereby repealed."

It is the contention of counsel for the defendant herein that these "saving clauses" continued in effect the offenses set forth in Title 8 U.S.C. § 414, 8 U.S.C.A. § 414, but did not continue in force procedural matters such as statutory limitations, and that therefore the general statute, establishing a 3 year limitation during which indictments may be found, Title 18 U.S.C.A. § 582, controls the instant situation, because of the repealing provision above mentioned, Title 8 U.S.C.A. § 904.

The wording of Title 8, Section 747 would seem to be plainly significant, stating clearly that nothing in Subchapter III of the Nationality Act (Section 701–747 of Title 8) shall affect the validity of any act, *thing* or *matter,* civil or criminal, done or *existing* at the time the act took effect. There is nothing contained in this language which would indicate that a distinction was to be considered existing between the substantive offenses of the prior Act and the procedural matters contained therein. This view of the situation is supported by reference to another part of the Nationality Act viz., subparagraph (h) of Section 746 which says:

"For the purpose of the prosecution of all crimes and offenses against the naturalization or citizenship laws of the United States which may have been committed prior to the date when this chapter shall go into effect, the existing naturalization and citizenship laws shall remain in full force and effect."

Note well the verbiage "the existing naturalization and citizenship laws shall remain in full force and effect". Unquestionably the statutory limitation was part of the then existing naturalization and citizenship laws.

The conclusion seems compelling that the five year limitation applies, and that the indictment was returned validly.

The motion to quash the indictment is denied.